NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0402n.06

No. 17-3565

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

COLLEEN M. O'TOOLE; FRIENDS TO ELECT  )
COLLEEN M. O'TOOLE; GARY BROSKA,  )
                                                        )

      Plaintiffs-Appellants,  )

                                                        )

v.  )
                                                        )    ON APPEAL FROM THE

MAUREEN O'CONNOR, Chief Justice, Ohio  )    UNITED STATES DISTRICT
Supreme Court; SCOTT J. DREXEL, Agent of  )    COURT FOR THE SOUTHERN
Disciplinary Counsel of the Ohio Supreme Court;  )    DISTRICT OF OHIO
RICHARD A. DOVE, Director, Board of  )
Professional Conduct of the Ohio Supreme Court,  )
                                                        )

      Defendants-Appellees.  )

**FILED**
Aug 09, 2018
DEBORAH S. HUNT, Clerk

Before: BOGGS, CLAY, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. In 2015, Colleen M. O'Toole, then a judge on Ohio's Eleventh Circuit Court of Appeals, announced that she intended to run for an open seat on the Ohio Supreme Court in the 2016 election. Friends to Elect Colleen M. O'Toole (the Committee), established during a prior judicial election, planned to assist her by receiving and spending contributions on her behalf during the 2016 election campaign. Rule 4.4(E) of the Ohio Code of Judicial Conduct, which governs the actions of candidates for judicial office, provides:

> The campaign committee of a *judicial candidate* may begin soliciting and receiving *contributions* no earlier than one hundred twenty days before the first Tuesday after the first Monday in May of the year in which the general election is held. If the general election is held in 2012 or any fourth year thereafter, the campaign committee of a *judicial candidate* may begin soliciting and receiving *contributions* no earlier than one hundred twenty days before the first Tuesday after the first Monday in March of the year in which the general election is held. Except as

provided in divisions (F) and (G) of this rule, the solicitation and receipt of *contributions* may continue until one hundred twenty days after the general election.

O'Toole and the Committee brought the present suit, arguing that the Rule violated their free-speech rights under the First and Fourteenth Amendments. The district court granted the defendants' motion for judgment on the pleadings on this issue.[1] O'Toole and the Committee filed a timely notice of appeal. Their arguments are foreclosed by this court's recent decision in *Platt v. Board of Commissioners on Grievances & Discipline of Ohio Supreme Court*, 894 F.3d 235 (6th Cir. 2018).

First, O'Toole and the Committee argue that Rule 4.4(E) is an unconstitutional content-based restriction on political speech. In *Platt*, we reviewed the same challenge to Rule 4.4(E) by a first-time Ohio judicial candidate and his committee. 894 F.3d at 241–42. Applying strict scrutiny, we held that the Rule was constitutional as applied to Platt and his committee. *Id.* at 253–60 (holding that Ohio had a compelling interest in maintaining judicial integrity and the public's perception of it and that the Rule was narrowly tailored to serve that interest). Platt and his committee presented a stronger as-applied challenge to the Rule than O'Toole and her Committee present in this case—Platt was a first-time candidate, and his committee had no carryover funds from previous judicial election campaigns; O'Toole was a sitting judge, and the Committee had $93.99 in carryover funds from prior election campaigns as of December 31, 2014. Therefore,

---

[1] The district court granted judgment on the pleadings as to all the plaintiffs' claims except their as-applied challenge to Rule 4.3(C). As to that claim, the district court granted summary judgment to the plaintiffs, and the defendants did not appeal that decision. *O'Toole v. O'Connor*, 260 F. Supp. 3d 901, 907–12 (S.D. Ohio 2017). In addition, plaintiff Gary Broska, a would-be contributor who was not allowed to donate to the Committee as early as he wanted because of Rule 4.4(E), argued below that the Rule violated his constitutional rights. But he did not raise his claim in the appellants' opening brief on appeal and has, therefore, forfeited it. *See Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 307 (6th Cir. 2010). The only issue before us, then, is O'Toole's and the Committee's appeal of the district court's decision as to Rule 4.4(E).

*Platt* controls: Rule 4.4(E) is narrowly tailored to serve Ohio's compelling interest in preserving judicial integrity and the public's perception of judicial integrity, both facially and as-applied to O'Toole and the Committee.[2]

Relying on the plurality opinion in *Randall v. Sorrell*, 548 U.S. 230 (2006), which addressed a challenge to contribution limits to political elections in Vermont, O'Toole and the Committee raise an additional challenge: that Rule 4.4(E) "prevent[s] candidates from 'amassing the resources necessary for effective [campaign] advocacy'" and "magnif[ies] the advantages of incumbency to the point where [it] put[s] challengers to a significant disadvantage," in violation of the First Amendment. *See Randall*, 548 U.S. at 248 (second alteration in original) (quoting *Buckley v. Valeo*, 424 U.S. 1, 21 (1976)). *Platt* rejected a similar argument in the context of an equal protection challenge to Rule 4.4(E), holding that "any fundraising advantage an incumbent enjoys over a first-time challenger," or, in O'Toole's case, over another sitting judge, "is not *caused* by Rule 4.4(E)." 894 F.3d at 265. Instead, any lack of money or "complained-of differential effect arises . . . from how different candidates have acquired, used, and husbanded their resources in previous campaigns." *Id.* (quoting *O'Toole v. O'Connor*, 802 F.3d 783, 791 (6th Cir. 2015)). The fact that the committees of two other candidates for the Ohio Supreme Court had $52,481.78 and $245,493.59, respectively, as of December 31, 2014, illustrates this point. Rule

---

[2] *Platt* involved a motion for summary judgment, whereas the district court here granted the defendants' motion for judgment on the pleadings. This is a distinction without a difference, however, when, as here, no further factual development is needed. *See Williams-Yulee v. Fla. Bar*, 135 S. Ct. 1656 (2015) (holding, without the benefit of a factual record, that Florida's rule preventing judicial candidates from personally soliciting campaign contributions did not violate the First Amendment). Indeed, in *Platt*, we upheld the district court's grant of summary judgment upholding Rule 4.4(E) even though the district court had issued a protective order that neither allowed discovery on the issue "whether Ohio had a compelling interest in maintaining judicial integrity" nor on the issue whether "the Code was under-inclusive and thus did not advance the state's compelling interest." 894 F.3d at 243–44.

4.4(E) applied to those candidates and their committees in the same way that it applied to O'Toole and her Committee. But the Rule did not prevent those candidates from amassing resources, and O'Toole has not suggested that the amount either committee retained was insufficient to effectively campaign. The substantial disparities in funds retained by those candidates' committees, the first a Justice of the Ohio Supreme Court, and the second, at the time a Judge on the Ohio Court of Appeals, like O'Toole, demonstrates that the Rule could not have caused the disparity, since all were subject to it. Thus, even if we apply the test from the plurality opinion in *Randall*,[3] *Platt* forecloses the plaintiffs' argument here.

Accordingly, we AFFIRM.

---

[3] *See Williams-Yulee*, 135 S. Ct. at 1667 (noting that "precedents applying the First Amendment to political elections have little bearing on" rules that limit speech in *judicial* election campaigns because of the unique interests at stake in judicial elections).